IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD KUHNS,<br><br>Defendant. | Case No. 21-mj-00091-JAR-1 |

**MOTION TO DISMISS COMPLAINT**

Under 18 U.S.C. § 3161(b), the government has 30 days from the date of arrest in which to file an indictment. By its own admission, the government has failed to meet that deadline here. For the reasons discussed below, the case should be dismissed.

1. Richard Kuhns was arrested on a criminal complaint on August 23, 2021. (Doc. 9).

2. Under 18 U.S.C. § 3161(b), the government had 30 days from that date during which to file an indictment. To comply with that statute, the indictment must have been filed by September 22, 2021.

3. To date, no indictment has been filed against Mr. Kuhns.

4. The government has sought an extension of the indictment deadline, which is an admission that the deadline to indict has lapsed. (Doc. 16).

1

5. According to the statute, one permissible reason for failure to indict within the 30-day timeframe involves a situation where no grand jury sits within the district during the applicable time frame. *See* 18 U.S.C. § 3161(b). As the government concedes, that is not the situation here.

6. Additional permissible reasons for delay are set out in 18 U.S.C. § 3161(h). None of those reasons exist here despite the government's contention that the ends of justice are served by a continuance.

7. The government's arguments are inconsistent. The government contends that it could not indict Mr. Kuhns within the statutory period because it needed additional "time to prepare the matter for full consideration by a grand jury…." (Doc. 16 at p. 2). At the same time, the government states that "the matter was scheduled for presentation to a grand jury . . . on September 16, 2021 . . . ." (*Id.*).

8. These conflicting statements are a *post hoc* attempt to turn a scheduling difficulty into a legitimate reason for delay. In reality, as the government admits, the grand jury was unable to indict on the scheduled day due to lack of a court reporter.

9. Again, Mr. Kuhns has been in custody following arrest on a complaint since August 23, 2021. The government had ample time to seek indictment during the 30-day time period. That it was unable to do so on the particular date it selected due to transcription issues is immaterial.

10. Mr. Kuhns's right to due process as codified by 18 U.S.C. § 3161(a) has been violated.

11. In this circumstance, the remedy is determined with reference to 18 U.S.C. § 3162(a)(1). That remedy is dismissal.

WHEREFORE, Richard Kuhns respectfully requests that the Court dismiss the complaint and direct his immediate release from custody.

Respectfully submitted,

/s/ Marc Ermine
Marc Ermine
Assistant Federal Public Defender
1000 Walnut, Ste. 600
Kansas City, MO 64106
(816) 471-8282

## CERTIFICATE OF SERVICE

It is CERTIFIED the foregoing was electronically filed on this 27th day of September, 2021, and that a copy was e-mailed to all parties pursuant to the ECF system.

/s/ Marc Ermine
Marc Ermine